The opinion of the Court was 'drawn up by
May, J.
In 1857 the plaintiff built his mill upon Chase stream. In 1859 the defendant built his mill upon Marsh stream, below the plaintiff’s, into which Chase stream runs; and, for its more advantageous working, erected a reservoir dam upon Chase stream, above the plaintiff’s mill, by the erection of which the plaintiff claims that he has been injured. In the language of the counsel for the defendant, in his argument, " it was certainly competent for the defendant to introduce testimony tending to show that the injury complained of was not occasioned by the detention of the water, but was .attributable to other causes.” Eor this purpose, during the progress of the trial, several witnesses were inquired of as follows : — "How did the reservoir dam affect the operation of the mills below the plaintiff’s ? Did, or not, said mills run a longer part of the year next succeeding the erection of the reservoir dam than the year preced-' ing? And, if so, were they not enabled so to do by reason, in whole or in part, of the reservoir dam ?” These questions being objected to by the plaintiff were excluded.
It does not appear in the exceptions that there was any mill, upon either stream, except those erected by the parties as above stated. But, if there were other mills below the plaintiff’s, upon Marsh stream, the admissibility of the evidence sought would not be affected thereby, because the effect of the reservoir dam would, other things being equal, be precisely the same upon all mills situated there. But its effect upon the plaintiff’s mill, and any other mill situated *405 upon Marsh stream, would not necessarily be the same; and, before the jury could properly infer from the effect produced upon the latter, whether belonging to the plaintiff or any other person, that the same effects must have been produced in any degree upon the plaintiff’s mill, it must have been made to appear that the condition and circumstances of the two mills were identical, so far as their connection with the water and its application was concerned. This was not shown, but, on the contrary, it appears that they were not so. The case finds that the mill situated upon Marsh stream had other sources for a supply of water beside the reservoir dam, and Chase stream, which must have affected the time and speed of their running, more or less. To have permitted the jury, under such circumstances, to have drawn inferences prejudicial to the plaintiff from the effects produced by the reservoir dam upon the mills below, would have been manifestly unjust. Suppose the reservation of the water by means of the defendant’s dam upon Chase stream, through the spring and summer, had prolonged the running of his mill, and at the same time had prevented or impeded the running of the plaintiff’s mill, while the water was reserved, would such extension of the time of the running of the defendant’s mill be any evidence that the plaintiff was not injured by his reservoir dam ? The fact that the longer running of the defendant’s mill was occasioned wholly, or in part, by such dam, unexplained by proof of the surrounding circumstances, would have a tendency to confuse and mislead the jury, rather than to aid them in arriving at a just conclusion. It does not appear that such explanation was made or expected to be made. The facts sought by the several inquiries before stated, being, for the reasons given, inadmissible, the questions were properly excluded. See Clark v. Rockland Water Co., not yet reported.
It appears that, during a portion of the time covered by the plaintiff’s declaration, his mill was in the actual possession of one Tasker, under an agreement, in writing, to saw *406 shingles night and day, when there was plenty of water and lumber, for which he was to pay twenty-five cents per thousand as the rent of the mill. It was contended that the plaintiff was not entitled to recover damages during this period. The Judge refused such instruction and, we think, properly. The rule, that a lessee in the possession of mills is alone entitled to recover damages, for a temporary diversion of the water, or obstruction to the mill during such possession, does not apply to a case where the cause of injury affects the inheritance or reversion, or diminishes the profits of the lessor during the lease. It applies only to cases where the lessee alone is injured. If the injury is to both the lessee and the lessor, as may have been the fact in this case, then each may have his action for the damages which he has sustained. Angelí on Water Powers, 82,'and cases there cited. The requested instruction was rightly withheld.' Exceptions overruled.
Tenney, C. J., Rice, Appleton, Cutting and Kent, JJ., concurred.
Kent, J.
If there were any other mills, pr any other mill on Chase stream below the reservoir dam on plaintiff’s mill, the questions propounded, or some of them, were clearly admissible. If there were no such mills on Chase stream, they would not be, for the reasons given in the opinion. Can one assume that there were such mills, when the case is silent on that point ? The question is general and applies to all mills below the plaintiff’s, and is not confined to mills on Chase stream. The defendant should either have confined his question to such mills on Chase stream, or have affirmatively shown that there were such mills to which his question could apply. •